**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BERNARD GIBSON, SR. | : | |
| | | Civil Action No. PJM-07-1293 |
| Petitioner | : | Criminal Action No. PJM-94-454 |
| v. | : | |
| UNITED STATES OF AMERICA | : | |
| Respondent | | |

o0o

**<u>MEMORANDUM OPINION</u>**

Bernard Gibson, Sr., a federal prisoner, filed this Petition for Writ of Audita Querela under the All Writs Act, 28 U.S.C. §1651, seeking to vacate his convictions and sentence. for conspiracy to distribute heroin and cocaine. The motion will construed pursuant to 28 U.S.C.§ 2255, and dismissed without prejudice.  Gibson's motion for appointment of counsel will also be dismissed without prejudice.

**Background**

After a jury trial, Gibson was convicted of conspiracy to possess with intent to distribute heroin and cocaine in violation of 18 U.S.C. § 846. This Court imposed a mandatory life sentence. The United States Court of Appeals for the Fourth Circuit affirmed. *See United States v. Gibson*, 187 F.3d 631 (4th Cir. 1999).  The United States Supreme Court granted certiorari, vacated the judgment and remanded the case to the Fourth Circuit for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).   *See Gibson v. United States*, 531 U.S. 801 (2000).

On remand, the Fourth Circuit affirmed the conviction, but vacated the life sentence and remanded the case to this Court with instructions to sentence Gibson to a term of imprisonment not

to exceed the thirty-year statutory maximum provided at 21 U.S.C. §841(b)(1)(c). *See United States v. Gibson*, 18 Fed Appx. 85 (4th Cir 2001) (unpublished).   Prior to resentencing, however, the Supreme Court issued its decision in *United States v. Cotton*, 535 U.S. 625 (2002), reversing the panel decision on which the appellate court had relied on in *Gibson*.[1]   This Court reimposed Gibson's life sentence in light of the Supreme Court's decision in *Cotton*, 535 U.S. at 625, and the Fourth Circuit affirmed on appeal, ruling that the District Court properly declined to follow *Gibson* given the Supreme Court's intervening decision in *Cotton. See United States v. Blue*, 85 Fed. Appx. 905, 906 (4th Cir. 2004) (unpublished), *cert denied, Gibson v United States*, 541 U.S. 1081 (2004).

On May 25, 2005, Gibson filed for collateral relief pursuant to 28 U.S.C. §2255.  The Court denied the Petition on August 9, 2006.  *See Gibson v. United States*, Civil Action No. PJM-05-1437 (D. Md).  The Fourth Circuit denied a Certificate of Appealability on February 2, 2007.

**Analysis**

In the instant Petition for Writ of Audita Querela under the All Writs Act, Gibson asks this Court to resentence him under the holding in *United States v. Robinson*, 460 F.3d 550, 558 (4th Cir. 2006).  In *Robinson*, the Fourth Circuit held the Sixth Amendment is violated when a court under pre-*Booker*[2] mandatory guidelines engages in judicial fact-finding resulting in a sentence that exceeds the maximum guideline sentence authorized by the jury verdict. The error is presumed to

---

[1]In *Cotton*, the Supreme Court held that an unpreserved *Apprendi* error need not be corrected on plain error appellate review if the trial evidence of the allegations missing from the indictment was "overwhelming" and "essentially uncontroverted." 535 U.S. at 633.

[2] *See United States v Booker*, 543 U.S. 220 (2005).  In *Booker*, the United States Supreme Court held "[a]ny fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established  by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond reasonable doubt." 543 U.S. at 244.

affect a defendant''s substantial rights unless the government demonstrates that the court would have imposed the same sentence absent the error. *Robinson*, 460 F.3d at 558.

Gibson's reliance on *Robinson* is misplaced. In affirming the reimposition of Gibson's life sentence, the Fourth Circuit stated that Gibson had failed to make "an *Apprendi*-type argument at trial or during the original sentencing proceeding." *United States v. Blue*, 85 Fed. Appx. at 906. The appellate court further stated "...our review of the record leads us to conclude that, although drug quantity was not charged in the indictment or submitted to the jury, the imposition of life sentences did not affect the fairness, integrity, or public reputation of judicial proceedings because the evidence of drug quantity in these cases was overwhelming and essentially uncontroverted." *Id.*

Additionally, the All Writs Act is not the proper basis for presenting the claims raised here. The United States Supreme Court stated  in *Carlisle v. United States,* 517  U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985)) that  "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and  "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act , that is controlling.'" *Carlisle*,  517  U.S. at 429.

In this action, Petitioner is collaterally attacking the legality of his sentence.  As such, the this challenge is properly raised in a  28 U.S.C. §2255 Motion to Vacate, Set Aside, or Correct. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling the subject matter of the motion and not petitioner's description determines its status). The Petition will be so construed.

As earlier noted, Gibson's first §2255 motion was denied. Consequently, the instant motion is a second or successive collateral challenge. Gibson's motion under § 2255 may not be filed absent

leave to do so from The United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). The fact that Gibson's motion is second or successive does not render the remedy afforded by §2255 inadequate or ineffective. *See In re Vial*, 115 F.3d at 1194 n. 5. Gibson may not evade the procedural requirements of a successive §2255 motion by creatively captioning his petition for relief. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs." *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000).

Gibson neither states nor does the record show that he has obtained prior authorization from the United States Court of Appeals for the Fourth Circuit to bring this 28 U.S.C. § 2255 action, and the motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). Accordingly, the Petition will be dismissed by separate Order.[3]

_  6/12/07  _                                  _              /s/              _
Date                                            PETER J. MESSITTE
                                                UNITED STATES DISTRICT JUDGE

---

[3] The Clerk shall mail an information packet to Gibson explaining how to file for authorization for filing a second or successive §2255 motion.