IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BERNARD GIBSON, SR., #12855-083<br>    Petitioner | * |
| | * |
| v. | Civil Action No.  PJM-09-1913 |
| | *   Criminal Action No. PJM-94-454 |
| UNITED STATES OF AMERICA<br>    Respondent | * |

**MEMORANDUM OPINION**

Pending is a motion filed pro se by Bernard Gibson, Sr., a federal inmate, titled "Motion to be Relieved from Final Judgment Pursuant to Rule 60(b)(6) of the Federal Rule [sic] of Civil Procedure." The Court finds the pleading properly construed under 28 U.S.C. § 2255, and will dismiss it without prejudice for lack of subject matter jurisdiction.

**I. Background**

After a jury trial, Gibson was convicted of conspiracy to possess with intent to distribute heroin and cocaine in violation of 18 U.S.C. § 846. He was sentenced to a mandatory life sentence. The United States Court of Appeals for the Fourth Circuit affirmed. *See United States v. Gibson*, 187 F.3d 631 (4th Cir.1999). The United States Supreme Court granted certiorari, vacated the judgment and remanded the case to the Fourth Circuit for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Gibson v. United States*, 531 U.S. 801 (2000).

On remand, the Fourth Circuit affirmed the conviction, but vacated the life sentence and remanded the case with instructions to sentence Gibson to a term of imprisonment not to exceed the thirty-year statutory maximum provided at 21 U.S.C. § 841(b)(1)(c). *See United States v. Gibson*, 18 Fed. Appx. 85 (4th Cir. 2001) (unpublished). Prior to resentencing, however, the Supreme Court issued its decision in *United States v. Cotton*, 535 U.S. 625 (2002), reversing the panel decision on which the appellate court had relied on *Gibson*. Gibson's life sentence was reimposed in light of the Supreme Court's decision in *Cotton*, 535 U.S. at 625, and the Fourth Circuit affirmed on appeal, ruling that the District Court properly declined to follow *Gibson* given the Supreme Court's intervening decision in

*Cotton*. *See United States v. Blue*, 85 Fed. Appx. 905, 906 (4th Cir.2004) (unpublished), *cert denied, Gibson v. United States*, 541 U.S. 1081 (2004).

On May 25, 2005, Gibson filed for collateral relief under 28 U.S.C. § 2255. The Court denied the Petition on August 9, 2006. *See Gibson v. United States*, Civil Action No. PJM-05-1437 (D.Md). The Fourth Circuit denied a certificate of appealability on February 2, 2007.[1]

**II. Discussion**

Gibson requests vacatur of the decision denying his 28 U.S.C. § 2255 motion. "Petitioner contends this Court abused its discretion because it had a duty to apply an establish [sic] substantive law having retroactive application to Petitioner reviewed on collateral review." Gibson appears to argue that the Fourth Circuit wrongly decided *Cotton* or that it is inapplicable to his case.

A threshold question presented is whether this motion is properly raised under Rule 60(b)(6) or 28 U.S.C. §2255. The subject matter of a motion, not the caption assigned to it by a petitioner, determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *See United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003).

Although Gibson asserts he is filing a 60(b)(6) motion to challenge the integrity of his § 2255 proceeding, the substance of the Motion belies his description. The Motion clearly attempts to challenge his sentence by revisiting issues already determined on the merits. As such, the pleading, is properly construed under 28 U.S.C. § 2255.

This is a successive § 2255 petition. Before filing a second or successive motion in federal district court, a petitioner must first obtain authorization from the appropriate court of appeals. *See* 28

---

[1] Gibson's previously filed successive § 2255 petition was dismissed for lack of jurisdiction. *See Gibson v. United States*, Civil Action No. PJM-07-1293 (D. Md).

2

U.S.C. §§2244(a) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Gibson may not file a successive §2255 petition under the guise of Rule 60(b) motion to evade preauthorization. Absent evidence that Gibson has obtained necessary pre-filing certification, the Motion will be dismissed for lack of jurisdiction.

Further, even if the pleading were construed under Rule 60(b)(6), Gibson would not be entitled to relief. Rule 60(b)(6) provides that a court may "relieve a party or a party's legal representative from a final judgment [or] order ... for ... any ... reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). It provides an extraordinary remedy of Rule 60(b) only granted in exceptional circumstances. *See e.g. Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n. 2 (4th Cir.2000). Gibson fails to present facts suggesting exceptional circumstance.

### III. Conclusion

The Motion shall be dismissed without prejudice for lack of jurisdiction. A separate Order follows.

July 27, 2009

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

3