IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * |
|---|---|
| v. | * Crim. No.: PJM 94-0454 |
| BERNARD GIBSON, SR. | * |
| Defendant | * |

## MEMORANDUM OPINION

Defendant Bernard Gibson, Sr. has filed a pleading styled "Motion for Relief From a Judgment" (Paper No. 1347)[1] pursuant to Fed R. Civ. P. 60, in which he seeks relief from the Court's most recent order dismissing his fourth attempt to present a Motion pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Court construes Gibson's Motion as a successive §2255 Motion, and **DISMISSES** the Motion.

I.

A jury convicted Gibson of conspiring to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846, and the Court sentenced him to a mandatory life sentence. The Fourth Circuit affirmed. *United States v. Gibson*, 1999 U.S. App. LEXIS 17793 (4th Cir. 1999). The United States Supreme Court granted certiorari, vacated the judgment and remanded the case to the Fourth Circuit for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Gibson v. United States*, 531 U.S. 801 (2000).

On remand, the Fourth Circuit affirmed Gibson's conviction, but vacated his life sentence and remanded the case to this Court with instructions to sentence Gibson to a term of

---

[1] Gibson sought to withdraw his earlier "Motion for Relief From a Judgment" (Paper No. 1340) pursuant to Fed R. Civ. P. 60 when he filed the amended "Motion for Relief From a Judgment" pursuant to Fed R. Civ. P. 60 (Paper No. 1347). His request (Paper No. 1346) is **GRANTED** and the earlier Motion for Relief From a Judgment (Paper No. 1340) is **WITHDRAWN**.

imprisonment not to exceed the thirty-year statutory maximum of 21 U.S.C. § 841(b)(1)(c). *United States v. Gibson*, 18 Fed. Appx. 85, 87 (4th Cir. 2001). On remand, this Court reimposed Gibson's life sentence in light of the Supreme Court's decision in *United States v. Cotton*, 535 U.S. 625, 633 (2002), which held that it is not error for a district court to refrain from submitting drug quantity to the jury where the evidence of drug quantity is overwhelming and essentially uncontroverted. The Fourth Circuit affirmed on appeal, finding that this Court properly declined to follow its mandate in light of the Supreme Court's intervening decision in *Cotton*. *United States v. Gibson*, 85 Fed. App'x. 905 (4th Cir. 2004). The Supreme Court subsequently denied Gibson's petition for certiorari. *Gibson v. United States*, 541 U.S. 1081 (2004).

On May 25, 2005, Gibson filed his first petition for collateral relief under 28 U.S.C. § 2255. The Court denied the Petition on August 9, 2006. The Fourth Circuit denied a certificate of appealability on February 2, 2007. Following that denial, Gibson filed a Motion to be Relieved from Final Judgment Pursuant to Rule 60(b)(6). The Court construed the pleading as a successive pleading under 28 U.S.C. § 2255, rather than one under Rule 60(b)(6), and dismissed for lack of subject matter jurisdiction because Gibson had not obtained authorization from the United States Court of Appeals for the Fourth Circuit. The Court noted that Gibson would not be entitled to relief under Rule 60(b)(6) because he failed to present exceptional circumstances justifying such relief.

On August 17, 2009, Gibson filed a Motion for Reconsideration of the Denial of his Rule 60(b)(6) Motion, arguing that the Court mistakenly assumed that his Rule 60(b)(6) motion was a successive § 2255 Motion. The Motion for Reconsideration was denied. On October 16, 2009, Gibson filed a Motion for Certificate of Appealability, which was denied on November 11, 2009.

On March 11, 2010, Gibson filed a Motion for a Writ of Audita Querela to Reopen the Judgment, which the Court denied in May 2010, and which the Fourth Circuit subsequently affirmed.

On July 23, 2010, Gibson filed a motion to Amend Pursuant to Fed. R. Crim. P. 36. The Court denied that Motion on October 8, 2010, another ruling affirmed by the Fourth Circuit.

On June 7, 2011, Gibson filed a Motion for Reconsideration pursuant to Fed. Rule Civ. P. 60(d) and 60(b), making similar arguments as he had in his Rule 36 Motion. The Court denied that Motion on July 1, 2011 and on appeal, the Fourth Circuit construed the Motion as a successive and unauthorized petition, dismissed the appeal and denied a certificate of appealability.

On June 21, 2013, Gibson filed yet another Motion to Vacate under § 2255 (Civ. No. PJM 13-1825), which the Court dismissed on June 28, 2013 as a successive petition. Gibson then filed a Motion for Reconsideration on July 5, 2013, and a Motion Pursuant to Federal Rule of Civil Procedure 59(e) on July 12, 2013. The Court denied both motions. Gibson appealed the dismissal of the § 2255 Motion and the denial of his Motion for Reconsideration and Rule 59(e) Motion, and again, the Fourth Circuit dismissed the appeal and denied a certificate of appealability.

II.

Gibson has now filed a "Motion for Relief from Judgment" (Paper No. 1347), asking the Court to "address his claim never addressed in his previous Section 2255 motion, case no. PJM 05-1437." His motion essentially raises the same arguments from his previous § 2255 motions. In his latest motion, he cites to *Alleyne v. United States*, 133 S. Ct. 420, 184 L. Ed. 2d 252

(2012), presumably for the proposition that the Court wrongfully increased his mandatory or maximum sentence, and that *Alleyne* would apply retroactively on collateral review.

Once again, Gibson has filed a post-conviction pleading which, however disguised, is nothing other than a successive § 2255 Motion. He has not, as required, received permission to file this paper from the Fourth Circuit (and in event, *Alleyne* has not been applied retroactively as a new rule available on collateral review). The Court therefore lacks jurisdiction to consider Gibson's Motion. *See* 28 U.S.C. § 2255(h); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

### III.

Accordingly, Gibson's amended Motion for Relief from Judgment (Paper No. 1347) is **DISMISSED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**April 16, 2014**