IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| Plaintiff | * | |
| v. | * | Criminal No. **94-CR-454** |
| **BERNARD GIBSON, SR** | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Bernard Gibson, Sr. has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), citing Amendment 782 to the U.S. Sentencing Guidelines and U.S.S.G. § 1B1.10(d). ECF No. 1373. The Court has considered the Motion and the Government's Opposition. For the reasons described below, the Court **DENIES** the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 1996, Gibson was found guilty of conspiracy to distribute and possess heroin and cocaine, in violation of 21 U.S.C. § 846. The Court determined his final Offense Level under the Sentencing Guidelines was 38 and his criminal history Category IV. ECF No. 1375. Gibson received a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(i).[1] *Id.*

On April 7, 1999, the Fourth Circuit affirmed Gibson's sentence. ECF No. 849. On October 2, 2000, the Supreme Court granted certiorari, vacated the judgment, and remanded the case to the Fourth Circuit in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that a jury had to find all facts relied on by a judge in imposing a sentencing enhancement.

---

[1] The Guideline range for that offense level and criminal history is 120 months' to life imprisonment.

1

*Gibson v. U.S.*, 531 U.S. 801 (2000). On remand, the Fourth Circuit affirmed Gibson's conviction, but vacated his life sentence and remanded the case to this Court with instructions to sentence Gibson to a term of imprisonment not to exceed the thirty-year statutory maximum under 21 U.S.C. § 841 (b)(1)(C). *U.S. v. Gibson*, 18 F. App'x 85, 88 (4th Cir. 2001).

On November 25, 2002 at resentencing, the Court reimposed a mandatory life sentence under post-*Apprendi* Fourth Circuit precedent, which authorized a mandatory life sentence without submitting the drug quantity to the jury because the evidence of the quantity was "overwhelming and essentially uncontroverted." *U.S. v. Cotton*, 535 U.S. 625, 633 (2002). ECF No. 1029 at 82, 111-12.

On February 17, 2004, the Fourth Circuit affirmed this life sentence. ECF No. 1375 at 2. On August 3, 2016, President Barack Obama commuted Gibson's life sentence to 360 months' imprisonment. ECF No. 1371. Gibson now moves the Court to further reduce his sentence from 360 months to 324 months in accordance with 18 U.S.C. § 3582(c), pursuant to Amendment 782 to U.S.S.G. § 2D1.1. ECF No. 1373.

Gibson argues that he was not sentenced pursuant to a statutory mandatory minimum during his resentencing. He instead claims that the Court used its discretion to sentence him to life imprisonment under the Sentencing Guidelines. He claims he is eligible for a sentence reduction under 18 U.S.C. § 3582, because Amendment 782 reduced the Advisory Guidelines' base level of certain drug offenses two levels, including those with which he was charged. With a reduction, his final offense level would reduce from 34 to 32, which would make the applicable Guideline range 324 to 405 months.

## II.   ANALYSIS

### A.  EFFECT OF COMMUTATION

President Obama's commutation of Gibson's sentence is an executive action that does not affect Gibson's eligibility for 18 U.S.C. § 3583 relief. *Cf. Ohio Adult Parole Auth. V. Woodard*, 523 U.S. 272, 284 (1998) ("Clemency proceedings . . . [are] independent of . . . collateral relief proceedings."). Additionally, President Obama's commutation did not moot Gibson's pending petition. *See Robinson v. U.S.*, 526 F.2d 1145, 1147 (1st Cir. 1975). A petitioner's claim becomes moot if a "case-or-controversy" is no longer presented. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case-or-controversy ceases to exist if a petitioner does not continue to have a "personal stake in the outcome" of the lawsuit. *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). However, "[a]n incarcerated convict's . . . challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction and redressable by invalidation of conviction." *Spencer v. Kemna*, 523 U.S. at 7. Moreover, "[a petitioner's] conviction may be considered at sentencing in any subsequent criminal proceeding, *Carlesi v. N.Y.*, 233 U.S. 51, 58 (1914), and may result in heavier penalties, *U.S. v. Morgan*, 346 U.S. 502, 512-13 (1954), or may be introduced to impeach credibility." *Robinson v. U.S.*, 526 F.2d 1145, 1147 (1st Cir. 1975). Therefore, President Obama's commutation does not affect Gibson's eligibility for relief under 18 U.S.C. § 3582.

### B.  AMENDMENT 782

Under 18 U.S.C. § 3582(c)(2), a defendant may file a motion asking the court to reduce his sentence if the Sentencing Commission has subsequently altered the Guideline under which he was sentenced. "The Court may reduce the defendant's term of imprisonment 'after

considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" *U.S. v. Davis*, 2016 U.S. Dist. LEXIS 104329, at *3 (D. Md., Aug. 8, 2016). However, the Sentencing Commission's policy statement provides that a sentence reduction under § 3582(c)(2) "is not authorized" if the amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *See U.S. v. Hood*, 556 F.3d 226, 232 (4th Cir. 2009). In this case, "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt n. 1(A). Further, Amendment 782 does not lower a mandatory minimum sentence "unless the court originally had the authority to sentence the defendant below the mandatory minimum based on his substantial assistance to authorities." *U.S. v. Speight,* 2015 U.S. Dist. LEXIS 150566, at *3-4 (D. Md. Nov. 3, 2015).

The Court resentenced Gibson to a statutory mandatory minimum term of life imprisonment in accordance to 21 U.S.C. § 841(b)(1)(A)(i). *U.S. v. Cotton*, 535 U.S. 625, 633 (2002). As the Court stated at resentencing, "it does appear that . . . there was at least one kilogram or more of heroin that was found in this case and within the meaning of 841(b)(1)(A)(i)." ECF No. 1029 at 82. Gibson's criminal history included two prior felony convictions, which triggered the mandatory life sentence under 21 U.S.C. § 841(b)(1)(A)(i). As a result, a reduction in Gibson's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2).

## III.   CONCLUSION

For these reasons, Gibson's Motion to Reduce Sentence is **DENIED**.

A separate Order will **ISSUE.**

                                                /s/

                                    **PETER J. MESSITTE**
                            **UNITED STATES DISTRICT JUDGE**

**April 7, 2017**